*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 18, 2021

Plaintiff-Appellee,

v

No. 349694
Barry Circuit Court
LC No. 2018-000844-FH

JOHN MICHAEL ULRICH,

Defendant-Appellant.

Before: SWARTZLE, P.J., and MARKEY and TUKEL, JJ.

PER CURIAM.

Defendant pleaded guilty, as a fourth-offense habitual offender, MCL 769.12, to unlawful driving away of an automobile (UDAA), MCL 750.413, and possession of a controlled substance less than 25 grams, MCL 333.7403(2)(a)(v). The trial court departed upward from the sentencing guidelines and sentenced defendant to serve concurrent terms of 6 to 20 years in prison for the UDAA conviction and 6 to 15 years in prison for the drug conviction. Defendant filed a delayed application for leave to appeal the sentences, which this Court denied. *People v Ulrich*, unpublished order of the Court of Appeals, entered August 29, 2019 (Docket No. 349694).

Defendant then filed an application for leave with the Michigan Supreme Court, which remanded to this Court for consideration as on leave granted. *People v Ulrich*, 505 Mich 997; 939 NW2d 282 (2020). On appeal, defendant argues that the trial court's upward departure from the sentencing guidelines was unreasonable and an abuse of the trial court's discretion. We affirm the sentence imposed by the trial court.

## I. BACKGROUND

The victim in this case is defendant's mother. The victim called police to report that her vehicle was missing and that there were fraudulent charges on her debit card. When police arrived, the victim told them that defendant had returned with her car five minutes earlier. Defendant admitted that he took the vehicle, even though he knew that he was not supposed to do so. Police noticed that defendant was sweating profusely and saw needle marks on his arm. Defendant admitted to shooting up cocaine that morning and having cocaine in the apartment, and police

-1-

found cocaine in the apartment and the vehicle. Defendant also admitted to using his mother's debit card to make fraudulent deposits and withdrawals.

This offense occurred only 31 days after defendant was released from the Wexford County Jail. This was defendant's twenty-sixth felony, and he also had 15 prior misdemeanors. All past attempts to address defendant's substance-abuse problem had failed. Defendant showed no remorse for his actions and seemed ambivalent to this entire event.

Defendant subsequently pleaded guilty, as fourth-offense habitual offender, to both UDAA and possession of less than 25 grams of cocaine. The prosecutor dismissed the remaining charges of one count of retaining without consent a financial transaction device and one count of misdemeanor larceny under $200. The applicable guidelines range for the minimum sentence was 9 to 46 months in prison. The trial court considered the guidelines range, but for reasons explained in the next section, the trial court departed upward and imposed a sentence of 72 to 240 months of imprisonment for the UDAA conviction and 72 to 180 months of imprisonment for the drug conviction, to be served concurrently.

## II. ANALYSIS

On appeal, defendant does not take issue with his minimum sentencing range calculated under the guidelines. Rather, defendant argues that the trial court abused its discretion when it departed upward from that range.

A trial court may depart from the sentencing guidelines, and this Court will review the sentence for reasonableness. *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015). To determine reasonableness, this Court looks to whether the trial court abused its discretion by violating the principle of proportionality, which requires sentencing to be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). "The trial court "must justify the sentence imposed in order to facilitate appellate review." *Id*.

Although the trial court's sentence must meet the principles of proportionality, the trial court is not required to consult an exhaustive list of proportionality factors before sentencing a defendant. *People v Steanhouse*, 313 Mich App 1, 47; 880 NW2d 297 (2015), rev'd in part on other grounds 500 Mich 453 (2017). "Instead, under *Lockridge*, sentencing courts are only required to consult the applicable guidelines range and take it into account when imposing a sentence and justify the sentence imposed in order to facilitate appellate review." *Id*. (cleaned up). Courts have identified several proportionality factors, including: (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor; (4) the defendant's misconduct while in custody; (5) the defendant's expressions of remorse; and (6) the defendant's potential for rehabilitation. *Id*. at 46. Importantly, in making the proportionality assessment, the trial court "must take into account the *nature of the offense* and the *background of the offender*." *People v Milbourn*, 435 Mich 630, 651; 461 NW2d 1 (1990) (emphasis added).

We begin by acknowledging that, with respect to "the nature of the offense," neither of defendant's convictions would, standing alone or in combination, justify an upward departure.

While the victim was defendant's mother, defendant returned her vehicle after a few hours, and the drug conviction was not particularly shocking or egregious. Our review of the sentencing record confirms that the trial court did not rely on the nature of either offense to justify the departure, so we turn next to "the background of the offender."

And defendant's background is extensive, in terms of criminality and lost opportunities. The record makes clear that it was this background that the trial court found so troubling. The trial court noted that, by age 52, defendant had 26 felony convictions. It pointed out that defendant could have been "brought as a habitual 26th" if the habitual degrees went that high (they do not). The trial court also noted that, in addition to the 26 felonies, defendant had 15 misdemeanors, but only five of them were actually incorporated into the guidelines calculation. With some exasperation, the trial court concluded, "You have a record consisting of 26 felony's and 15 misdemeanors. The guidelines cannot possibly, accurately, capture that."

The trial court next highlighted defendant's poor potential for rehabilitation, as exemplified by defendant's record of past lapses:

> Which is Mr. Ulrich is not gonna change. I mean, when you got that kind of record, I can't take that chance. Mr. Ulrich, in this Court's opinion, you have had numerous opportunities to address these issues. And have failed to do so. You're here again. . . . I have little confidence, that your behavior will change, at this point. I hope it does. But your record would lend itself to a reasonable person thinking, not gonna happen, 'kay? . . . I hope you get the treatment that you need. But I don't know what it's gonna take for you, at this point.

Having noted defendant's extensive felony and misdemeanor record and his unlikelihood of rehabilitation, the trial court then considered the minimum guidelines range of 9 to 46 months in prison. The trial court rejected this range, however, and concluded that upward departures to 72-240 months on the UDAA conviction and 72-180 months on the drug conviction were "reasonable, and proportionate."

Defendant lists in his appellate brief the various proportionality factors identified in *Steanhouse* and argues that the trial court focused solely on the number of defendant's convictions. This is not accurate, as the trial court also considered defendant's track record of failing to take advantage of rehabilitation opportunities. In any event, proportionately factors are not like items on a checklist. Rather, a trial court must focus on the proportionality factors that are relevant to the particular defendant when crafting an individualized sentence. Defendant also cites *People v Abcumby-Blair*, __ Mich App __; __ NW2d __ (2020) (Docket No. 347369), which is not pertinent to this case because the trial court did not impose consecutive sentences.

Although the trial court did not provide a lengthy, exhaustive analysis at sentencing, it was not required to do so. The trial court considered the sentencing-guidelines range, and it concluded that the range was insufficient because the range did not adequately account for defendant's extensive felony and misdemeanor criminal history and poor rehabilitation potential. Our review of the record confirms that defendant either is incapable or unwilling to conform his actions to society's laws, and the upward departures are proportionate for this offender. We conclude that

the trial court did not abuse its discretion when sentencing defendant, and the resulting sentences are reasonable.

Affirmed.

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ Jonathan Tukel